UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEONARD SUMPTER,

                             Plaintiff,           **MEMORANDUM & ORDER**

    -against-                               25-CV-517 (LDH) (AYS)

YAPHANK CORRECTIONAL FACILITY,

                             Defendant.
----------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

On January 27, 2025, Plaintiff Leonard Sumpter, currently incarcerated at the Suffolk

County Correctional Center, filed this pro se action pursuant to 42 U.S.C. § 1983. (*See* Compl.,

ECF No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915(a). (IFP App., ECF No. 2.) For the reasons stated below, the complaint is

dismissed.

However, Plaintiff is granted thirty (30) days from the date of this Memorandum and

Order to file an amended complaint.

**BACKGROUND**

Plaintiff alleges that while detained at the Yaphank Correctional Facility on or about late

November 2024, he contracted a fungus infection on his feet from the "unsanitary conditions" at

that facility, in particular, the shower area. (Compl., ECF No. 1 at 4.) Plaintiff further alleges

that "it hurts when I walk" and "turned my nails brown and rotten." (*Id.*) He seeks damages for

pain and suffering, mental and physical anguish, and negligence "due to unsanitary conditions in

the jail[.]" (*Id.* at 5.)

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).   Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Moreover, where a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, the Prison Litigation Reform Act requires district courts to screen civil complaints brought by prisoners against a governmental entity and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Additionally, a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B) (i)-(iii).

## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation omitted). In order to maintain a Section 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.* at 127.

Plaintiff's complaint is dismissed on numerous grounds. As a matter of procedure, Plaintiff cannot bring a complaint against Yaphank Correctional Facility because a jail does not have an "independent legal identity." *See Oliver v Yaphank Correctional Facility,* No. 20-cv-1877, 2020 WL 2214100, at *2 (E.D.N.Y. May 7, 2020) (dismissing *pro se* complaint against Yaphank Correctional Facility); *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 109, n.1 (E.D.N.Y. 2011). As a substantive matter, Plaintiff's claims of negligence are also dismissed. Allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment). Therefore, Plaintiff's claims against Yaphank Correctional Facility are dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## LEAVE TO AMEND

In light of the Court's duty to liberally construe pro se complaints, Plaintiff is given thirty days from the date of this order to file an amended complaint. In the amended complaint,

Plaintiff must identify the individuals he believes to have been personally responsible for the alleged deprivation of his constitutional rights. *See Farid v. Ellen*, 593 F.3d 293, 249 (2d Cir. 2010) (personal involvement of each defendant in the alleged constitutional deprivation is required to proceed under § 1983).

The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Plaintiff must identify the defendants in both the caption and the body of the amended complaint. For each defendant that Plaintiff names in the caption of the amended complaint, he must include a brief description of what each defendant did or failed to do and how each defendant's act or omission caused him injury, along with the date and location of each relevant event. If plaintiff does not know the name of an individual defendant, he should identify them as John or Jane Doe, where they are employed, and, to the best of his ability, provide a physical description.

The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 25-CV-517 (LDH) (AYS).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.

The Court grants Plaintiff leave to file an Amended Complaint within 30 days from the entry date of this Order as set forth above. If Plaintiff fails to file an amended complaint within 30 days or fails to show good cause why he cannot file within the time allowed, the Clerk of

Court shall be directed to enter judgment and close this case. All further proceedings shall be stayed for 30 days. If Plaintiff files an amended complaint, it shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order and a prisoner's civil rights complaint form to the Plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
     April 24, 2025

/s/ LDH
LASHANN DEARCY HALL
United States District Judge