UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LEONARD SUMPTER,

                         Plaintiff,                      **MEMORANDUM & ORDER**
    -against-                                   25-CV-517 (LDH)

YAPHANK CORRECTIONAL FACILITY,
JOHN DOE, CORRECTION OFFICER,

                         Defendants.
----------------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

On January 27, 2025, Plaintiff Leonard Sumpter, currently incarcerated at the Suffolk County Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) By Memorandum and Order dated April 24, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint with leave to amend. (Mem. & Ord., ECF No. 12.) On June 4, 2025, Plaintiff filed an amended complaint against Yaphank Correctional Facility and an unidentified Correction Officer. (Am. Compl., ECF No. 15.) The action is dismissed as set forth below.

## BACKGROUND

In the amended complaint, Plaintiff "alleges that his feet has been effected [sic] with fungus due to unsanitary conditions in the jail. Prior to going to [his] assigned dorm [he] ask[ed] the correction officer for 'shower shoes' and was denied." (Am. Compl., ECF No. 15 at 5.) Plaintiff further alleges that he received medical treatment, but it "hurts when [he] walk[s]" and the fungus "turned [his] nails brown." (*Id.* at 6.) Plaintiff seeks unspecified "damages for pain

1

and suffering, mental and physical anguish, and negligence due to unsanitary conditions in jail."

(*Id.*)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Moreover, where a plaintiff is proceeding *pro se,* his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, the Prison Litigation Reform Act requires district courts to screen civil complaints brought by prisoners against a governmental entity and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Additionally, a district court must dismiss an *in forma pauperis* action if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e)(2)(B) (i)-(iii).

## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

2

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation omitted). In order to maintain a § 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.* at 127.

Here, as in the prior complaint, Plaintiff's amended complaint cannot proceed against Yaphank Correctional Facility because a jail does not have an "independent legal identity." *See Oliver v Yaphank Correctional Facility,* No. 20-cv-1877, 2020 WL 2214100, at *2 (E.D.N.Y. May 7, 2020) (dismissing *pro se* complaint against Yaphank Correctional Facility); *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011). This Court has long reasoned that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Oliver v Yaphank Correctional Facility,* No. 20-cv-1877, 2020 WL 2214100, at *2 (E.D.N.Y. May 7, 2020) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)).

Plaintiff's allegation that the Correction Officer denied his request for shower shoes is insufficient to state a plausible constitutional claim. In addition, allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)

3

("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (declining to extend prison official's liability under the Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (declining to extend prison official's liability under the Fourteenth Amendment).  Therefore, Plaintiff's action against Yaphank Correctional Facility and Correction Officer John Doe is dismissed for failure to state a claim.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## CONCLUSION

Accordingly, Plaintiff's action, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Memorandum & Order to the Plaintiff and note the mailing on the docket.

SO ORDERED.

           **/s/ LDH**
           LaSHANN DeARCY HALL
           United States District Judge

Dated: April 14, 2026
       Brooklyn, New York